IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NORMA DELGADO, | ) | |
| | ) | |
| Plaintiff-Claimant, | ) | |
| | ) | No. 11 CV 02849 |
| vs. | ) | |
| | ) | Jeffrey T. Gilbert |
| MICHAEL J. ASTRUE, Commissioner | ) | Magistrate Judge |
| Of Social Security, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Claimant Norma Delgado filed an action challenging the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") on September 16, 2011. On March 7, 2012, this Court issued a Memorandum Opinion and Order remanding the Commissioner's decision for further proceedings. *Delgado v. Astrue*, No. 11 CV 02849, 2012 WL 769735 (N.D.Ill. Mar. 7, 2012). Claimant now seeks to recover her attorneys' fees incurred in her successful challenge to the Commissioner's decision pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(a) [Dkt. # 26]. Claimant argues that Commissioner's position was not substantially justified and that there are no special circumstances to make an EAJA award unjust.

Under the EAJA, a party who prevails against the United States in a civil action is entitled to an award of reasonable attorneys' fees and costs. 28 U.S.C. § 2412(d). A court may award feeds under the EAJA when (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the prevailing party's application for fees is timely filed. 28 U.S.C. § 2412(d)(1)(A); *Comm'r, INS v. Jean*, 496 U.S. 154, 155, 110 S.Ct. 2316, 110 L.Ed.2d 134

1

(1990); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). Here, the Commissioner does not dispute that Claimant has satisfied these prerequisites to an award of fees. The dispute here is whether the requested award is reasonable. Claimant submitted invoices showing her attorneys worked a total of 54.25 hours and she requests fees for 53.5 hours thereof. She seeks a total award of $9,157.63 after deduction for time billed but withdrawn for purposes of the requested fee award. The Commissioner objects that the hours expended are excessive and unreasonable. The Commissioner also argues that the requested hourly rates are unjustified and the statutory ceiling of $125/hour should be awarded for each hour deemed reasonable. For the reasons discussed below, Claimant's motion is granted and the Commissioner's objections are overruled.

## DISCUSSION

### I. Violation of Federal Rule of Civil Procedure 5.2(c)

As a preliminary matter, Claimant argues that the Commissioner's Response to her Motion should be stricken due to violations of Rule 5.2(c) of the Federal Rules of Civil Procedure. [Pl.'s Reply (Dkt.#34) at 1.] Rule 5.2(c) limits remote access to electronic files in actions for Social Security benefits. Parties and their attorneys are entitled to remote electronic access to any part of the case file, but other persons only have remote electronic access to the court's docket and opinions, orders, judgment, and other dispositions, not to any other part of the case file or administrative record. Fed.R.Civ.P. 5.2(c). The Rule provides for differential treatment of Social Security cases due to the sensitive information and detailed medical records included in Social Security filings. *Crossman v. Astrue*, 714 F.Supp.2d 284, 288 (D. Conn. 2009) (*citing* Fed.R.Civ.P. 5.2 advisory comm. nn.).

In support of its Response to Claimant's Motion for attorneys' fees, the Commissioner attached as exhibits three briefs filed in two other Social Security appeals in which Claimant's

counsel in this case represented different claimants. This does indeed violate Rule 5.2(c) as it makes available to this Claimant parts of those other case files to which she is not entitled to have access. By attaching these exhibits to his Response, the Commissioner violated Rule 5.2(c). We are not inclined, however, to strike the Commissioner's Response in its entirety, as Claimant requests, as a sanction for his violation of Rule 5.2(c). The Commissioner, though, should make sure he complies with Rule 5.2(c) in the future including when responding to EAJA requests for attorneys' fees.[1]

## II. Number of Hours

The Commissioner challenges as excessive the 53.5 total hours of work performed by Claimant attorneys. The Commissioner asks that Claimant's request be reduced by 20.75 hours. (Def.'s Resp. 6.) In her Reply, Claimant withdrew 0.75 hours from her initial request of 46.75 hours (Pl.'s Reply 6) and added 7.5 additional hours for preparation of her Reply (Pl.s' Reply at 8), bringing her total request to 53.5 hours.

The prevailing party has the burden of proving that the hours worked were reasonable. *Seabron v. Astrue*, No. 11 CV 1078, 2012 WL 1985681, at *1 (N.D.Ill. June 4, 2012) (citing *Hensley v. Eckerhart*, 481 U.S. 424, 433 (1983)). Fee requests that are "'excessive, redundant, or otherwise unnecessary'" should be denied. *Id.* (citing *Hensley*, 481 U.S. at 434). Courts have recognized that a claimant is entitled to fees incurred in the underlying action as well as time

---

[1] Of course, Rule 5.2(c)(2) permits Claimant "or any other person" to have electronic access to the full record in this case or any other case at the courthouse. It is just remote electronic access that is restricted by Rule 5.2(c)(1) in social security cases. There is no contention or evidence in this case that Claimant herself had remote electronic access to the exhibits attached to the Commissioner's Response in this case. Although Claimant's counsel -- in her role as such -- is not supposed to have remote electronic access to briefs filed in other social security cases as she did here, we find that abrogation of Rule 5.2(c) caused by the Commissioner to be relatively harmless given that Claimant's counsel actually wrote those briefs albeit in other cases for other clients. Thus, we also will not strike these documents from the record in this case, as Claimant requests, but will address the Commissioner's argument based on those documents straight-on.

spent preparing an EAJA petition. *See, e.g., Commissioner, INS v. Jean*, 496 U.S. 154, 161–62, (1990).

The Commissioner contends that the number of hours expended by Claimant's two attorneys to review the record, write briefs, and prepare the EAJA application in this case was unreasonable given the "straightforward legal issues," "unusually small administrative transcript," and Claimant's "not new or novel" arguments in this case. (Def.'s Resp. at 3–5.) The Commissioner computes and compares the number of hours it apparently took Claimant's attorney to read the administrative record in this case and brief her arguments with her "pages per hour" rates in other Social Security appeals handled by her office. (Def.'s Resp. at 3.) The Commissioner asks that Claimant's compensable hours be limited by a reading rate of 94 pages per hour and a brief drafting rate of 1.5 hours per page of original material based on attorneys' fee petitions in these other cases. (Def.s' Resp. at 3–4.)

Claimant contends that the hours expended reviewing the administrative record and writing briefs in this case were reasonable for several reasons. She argues that while the administrative record in this case was relatively shorter than in other Social Security matters, she had different counsel at the administrative level in this case. Accordingly, her current attorney was new to the case and learned the facts for the first time when reviewing the record in preparation for this appeal to the District Court. Claimant further argues that the facts were "new or novel," even if the legal issues were not. (Pl.'s Reply at 4.)

As the Seventh Circuit has noted, "[l]awyers do not come from cookie cutters." *Gusman v. Unisys Corp.*, 986 F.3d 1146, 1150 (7th Cir. 1993). This Court is not in the business of divining why a particular attorney reads or writes at a certain rate of speed in one case and a different rate in another. We are "'skeptical about the wisdom' of making generic comparisons

4

between social security cases and trying to use a one-size fits all approach." *Seabron v. Astrue*, No. 11 C 1078 2012 WL 198681, at *3 (N.D.Ill. June 4, 2012) *citing Bryan v.* Astrue, No. 08 C 5472, 2010 WL 43834, at *4 (N.D.Ill. Feb. 8, 2010). Who is to say, for example, whether an attorney worked with amazing efficiency in one case and with only reasonable efficiency in another? In each case, the government is charged only for the time actually spent subject to the overall reasonableness requirement. We are unwilling to reduce Claimant's attorneys' fee request on the basis of a generic comparison of time spent on different cases. *See Seabron v. Astrue*, No. 11 C 1078 2012 WL 1985681, at *3 (N.D.Ill. June 4, 2012) *citing Tchemkou v. Mukasey*, 517 F.3d 506, 511 (7th Cir. 2008). Accordingly, we will not reduce Claimant's fee request per the Commissioner's argument that the time spent by Claimant's counsel in this case exceeded an artificial benchmark for attorney time based on time devoted to other, different cases by the same attorneys.

The Commissioner argues that Claimant's request for time also should be reduced by 0.25 hours because Claimant's attorneys' time log includes an entry for 0.25 hours spent requesting an extension of time. (Def.'s Resp. at 5.) The Commissioner also disagrees with the amount of time Claimant's attorney spent on a phone call with the Commissioner's attorney and asks that .05 hours be removed from Claimant's request. (Def.'s Resp. at 5.) Claimant withdrew both of these requests. (Pl.'s Reply at 6.)

The Commissioner also takes issue with a time entry for 1.0 hour spent on "Defendant's Motion to Enforce IRS Summons [sic]." (Def.'s Resp. at 5.) Asserting that "this entry must be related to a different case" because no summons was issued to the IRS in this case, the Commissioner requests that Claimant's fee award be reduced by 1.0 hour. (Def.'s Resp. at 5.) Claimant explains that the referenced entry refers to Defendant's own mislabeled memorandum

5

filed on October 31, 2011 in response to Claimant's motion for summary judgment. [Dkt.#21]. (Pl.'s Reply at 5.) In other words, the Commissioner's response to Claimant's motion for summary judgment was mislabeled on the CM/ECF system as a "response to a motion to enforce IRS summons" [Dkt.#21] and the Commissioner now objects to 1.00 hour of Claimant's attorney's time spent on her reply to that mislabeled response. The Court's reaction to this dispute is . . . really? We assume the Commissioner would not have objected to this particular time entry if only he had remembered that his own response brief was mislabeled on the CM/ECF system. In any event, the Commissioner's objection is overruled in this respect.

Finally, the Commissioner contends that Claimant's request for time should be reduced by 3.0 hours for preparation and filing of summons and docketing because these are "clerical or secretarial tasks and should not be compensated." Def.'s Resp. at 5–6. Claimant argues that the tasks are not "purely clerical" and that her attorneys' professional liability insurance carrier requires attorney responsibility for docketing. (Pl.'s Reply at 6.) Both parties point to the same case, *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989), in which the Supreme Court discussed billing rates for paralegals. The Supreme Court noted, "Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). "Purely clerical or secretarial tasks" refer to duties that are entirely non-legal in nature. *See id.* Docketing, preparing summons, and filing summons are not "purely clerical" in this sense and are thus compensable.

**III. Hourly Rate**

The EAJA provides that the award of attorney's fees "'shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines than an increase in the

6

cost of living [since 1996, when the current version of the Act was passed] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'" *Mathews-Sheets v. Astrue*, 653 F.3d 560, 562 (2011), (citing 28 U.S.C. §2412(d)(2)(A)(ii)). This "rather chintzy" fee-shifting statute "doesn't authorize an award of $125 per hour," it is a "presumptive ceiling; to justify a higher rate the claimant must point to inflation or some other special factor." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 562, 563 (2011). If the claimant seeks an inflation adjustment, she "still must show that it actually justifies a higher fee" by showing that inflation "has increased the cost of providing adequate legal service to a person seeking relief against the government." *Id.* at 563 (citing *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009); *May v. Sullivan*, 936 F.2d 176, 178 (4th Cir. 1991) (per curium); *Headlee v. Bowen*, 869 F.2d 548, 552 (10th Cir. 1989); *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988); *but cf. Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990)). The Seventh Circuit has acknowledged that, "given the passage of time since the establishment of the hourly rate, a cost-of-living adjustment is warranted" for the time in which the fees were incurred. *Tchemkou v. Mukasey*, 517 F.3d 506, 513 (7th Cir. 2008).

Claimant here provides a detailed itemization of the work performed by attorneys Deborah Spector and Joseph Sellers. In total, Claimant seeks an award of fees in the amount of $9,157.63,[2] calculated as follows: Claimant seeks an hourly rate of $171.86 for hours worked in 2011 and $175.13 for hours worked in 2012. She argues that her requested hourly rates are supported by the cost of living calculations in the Consumer Price Index (CPI), a printout of which is attached to her motion. [Dkt.#27-2]. Claimant calculates those rates by dividing the

---

[2] Claimant's Reply actually requests $9,286.63, but that does not account for the time she agreed to withdraw from her request (*see* Pl.'s Reply at 6).

7

average CPI for 2011 by the 1996 CPI and then multiplying that ratio by $125.[3]  She uses the same formula for the requested 2012 rate, though only based on January-March of that year.[4]

Courts in this district have allowed claimants to use the Consumer Price Index to adjust hourly attorneys' rates to account for cost of living increases in EAJA cases.  *See, e.g.*, *Warren v. Astrue*, 2010 WL 5110217, at *5 (N.D.Ill. Dec. 8, 2010).  In support of the higher rate, Claimant's attorney provided evidence in the form of specific representations that her office rent has increased since 1996 by a multiplier of 1.27.  (Pl.'s Reply at 7, Ex. 1.)  She also provided affidavits from two other attorneys who work in the field of Social Security disability benefits representing that their hourly fees are regularly between $250.00 and $300.00.  (Pl's Reply Ex. 2, 3.)  The Court accepts these representations and finds the evidence adequate to prove inflation. *See Gonzalez v. Astrue*, 2012 WL 1633937, at *2 (S.D. Ind., May 9, 2012) (noting that *Matthews-Sheets* did not "prescribe any particular manner in which a lawyer might demonstrate" that inflation increased the cost of providing adequate legal service).

**IV.  Conclusion**

For the foregoing reasons, the Court grants Claimant's motion for attorney's fees and costs pursuant to the EAJA and awards her the amount of $9,157.63.  This amount, after any applicable offset permitted by law, is to be made payable to Claimant's counsel.  *See Astrue v. Ratliff*, 560 U.S. __, 130 S. Ct. 2521 (2010); *Mathew-Sheets v. Astrue*, 2011 WL 3437029 (7th Cir. May 5, 2011); *Holofchak v. Astrue*, 2011 WL 662735 at *1 (N.D. Ill. Feb. 14, 2011).  If a

---

[3] The Court has spent an inordinate amount of time trying to figure out Claimant's attorneys' hourly rates due to errors in the charts and calculations they submitted.  By the Court's calculation, the dollars to which counsel are entitled may be greater than those requested.  But Claimant bears responsibility for her own numbers and we are not going to alter her numbers since we cannot be sure that our calculation is more correct than hers, and her process seems reasonable in any event.

[4] If Claimant instead used the average CPI from May and June 2012 (the months in which her attorneys worked the bulk of their hours in 2012), the rate would again appear to be slightly higher.  As with the 2011 rate, the Court will use Claimant's number instead of its own calculation.

separate order is required in this regard, the parties shall submit their draft via the proposed order link on the Court's website.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: December 28, 2012

9